IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02408-REB-KMT

PHILIP MICHAEL BONAN,

Plaintiff,

v.

BRIGHAM SLOAN, Warden, and
DAVID HESTAND, Chaplain,

Defendants.

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiff's First Amendment and Eighth constitutional rights. This matter is before the court on Plaintiff's "Motion for a Preliminary Injunction" (Doc. No. 5) filed November 16, 2007; "Defendants' Motion for Summary Judgment" (Doc. No. 17) filed December 11, 2007; and "Plaintiff's Motion for a Temporary Injunction" (Doc. No. 31) filed May 6, 2008. Jurisdiction is premised upon 42 U.S.C. § 1983 (2007).

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Complaint and the parties' submissions with respect to this Recommendation. Plaintiff Philip Michael Bonan, an inmate at the Bent County Correctional Facility ("BCCF") has named as Defendants Brigham Sloan, the warden of BCCF; and David Hestand, the chaplain of BCCF. (Mot. for Prelim. Inj./Compl. at 1 [hereinafter "Compl."] [filed November 16, 2007].) BCCF operates a Life Principles Community Program ("Program"), a voluntary faith-based program in which inmates at BCCF may participate. (Defs.' Mot. for Summ. J. at 1–2 [hereinafter "Mot. Summ. J."] [filed December 11, 2007].) The Program is operated in one housing pod and any inmates who do not choose to participate in the Program who are living in that pod are moved to different housing pods. (Compl. at 4.) Plaintiff alleges that, as the Program participants were relocated to another pod, animosities arose between the displaced inmates and the Program participants. (*Id.* at 5.) Plaintiff states this has created tensions and stressors greater than those caused by the normal prison social environment. (*Id.*) Plaintiff asserts that there is "talk" that another pod will be designated, which would cause further displacement and increased stress levels. (*Id.*) Plaintiff claims the Program's institution is tantamount to the establishment of a religion by a state, in violation of the First Amendment Establishment Clause. (*Id.* at 6.) Plaintiff further claims the institution of the Program jeopardizes the physical and mental well-being of Plaintiff, constituting cruel and unusual punishment, in violation of his Eighth Amendment right to a reasonably safe and health prison environment. (*Id.* at 11.) Plaintiff seeks injunctive relief. (*Id.* at 15.)

Defendants have moved for summary judgment on the grounds that (1) Plaintiff has failed to exhaust the administrative remedies as required by the Prison Litigation Reform Act "PRLA"; and (2) Plaintiff's Eighth Amendment claim as he has not met the requirement elements for the claim. (Mot. Summ. J. at 2–7.)

## PROCEDURAL HISTORY

Plaintiff initiated this action by filing a combined Motion for Preliminary Injunction and Complaint in the Bent County District Court for the State of Colorado. Defendants removed this case to this court under § 1983. Defendants filed their motion for summary judgment and a response to Plaintiff's motion for preliminary injunction on December 11, 2007. (Mot. Summ. J.; Defs.' Resp. To Pl.'s Mot. for Prelim. Inj. [hereinafter "Resp. to Mot. Prelim. Inj."].) Plaintiff filed another motion for temporary injunction on May 5, 2006. ("Pl.'s Mot. for a Temp. Inj. [hereinafter "Mot. Temp. Inj.].) Defendants filed their response on May 6, 2007. (Defs.' Resp. to Pl.'s Mot. for a Temp. Inj. [hereinafter "Resp. to Mot. Temp. Inj.].) No replies have been filed. These motions are ripe for review and recommendation.

## STANDARD OF REVIEW

1. **Pro Se** *Plaintiff*

Philip Michael Bonan is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## 2. *Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material

4

matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## ANALYSIS

*1.     Defendants' Motion for Summary Judgment*

Defendants have moved for summary judgment on Plaintiff's claims based upon Plaintiff's failure to exhaust his administrative remedies, as required by the PLRA. (Mot. Summ. J. at 2–4.) Prior to filing this civil action, Plaintiff was required to exhaust administrative remedies pursuant to the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) of the PRLA provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

5

42 U.S.C. § 1997e(a) (2007).

The Supreme Court recently set forth a new standard to govern PLRA lawsuits: "[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. \_\_\_, 127 S. Ct. 910, 921 (2007). "[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

After *Jones*, dismissal under § 1997e(a) for failure to exhaust administrative remedies cannot usually be made on pleadings without proof. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) ("'[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.'") (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225).

The Colorado Department of Corrections has an administrative grievance process set forth in its regulations. (Mot. Summ. J., Ex. A-1.) This regulation requires that prisoners must attempt to resolve any issue or complaint they have by filing a Step 1 grievance. (*Id.*) If the prisoner is unsatisfied, he must then proceed to a Step 2 grievance. (*Id.*) If the prison is still unsatisfied, he must then proceed to a final Step 3 grievance. (*Id.*) Once the grievance officer responds to the Step 3 grievance, the prisoner has then exhausted his administrative remedies. (*Id.*) This regulation requires an inmate to file a grievance no later than thirty calendar days from the date the prisoner knew or should have known of the facts giving rise to the grievance. (*Id.*)

Defendants have attached the Affidavit of Erin Phillips, the Grievance Coordinator at BCCF, to their motion for summary judgment. (Mot. Summ. J., Ex. A-2.) Ms. Phillips states in her sworn affidavit that, as part of her job, she obtains and keeps a record of the Step 1 and 2 Grievances that must be filed prior to a Step 3 Grievance being reviewed. (*Id.*, ¶ 3.) Ms. Phillips states that, after reviewing records and grievances, as of December 7, 2007, she found no record that Plaintiff had filed Step 1, Step 2, or Step 3 Grievances regarding the Life Principles Program conducted at BCCF. (*Id.*, ¶¶ 4–6.) Plaintiff does not state in his combined Motion for Preliminary Injunction and Complaint whether he has exhausted his administrative remedies, nor did he file a response to the motion for summary judgment addressing whether the administrative remedies were exhausted. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims for failure to exhaust the administrative remedies as required by the PRLA.

2. *Plaintiff's Motions for Temporary and Preliminary Injunctions*

Plaintiff moves for temporary and preliminary injunctions to preserve the status quo and prevent inmates from being uprooted and relocated to other housing units within BCCF to accommodate the Program. (Mot. Prelim. Inj. at 2–3; Mot. Temp. Inj. at 2.) Where the opposing party has notice, as is in this case, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction. *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001). A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may

cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

This court has recommended that Defendants' motion for summary judgment for failure to exhaust the administrative remedies as required by the PRLA be granted. Therefore, there is not a substantial likelihood Plaintiff ultimately will prevail on the merits, one of the requirements for preliminary injunction. *ACLU*, 194 F.3d at 1155. Accordingly, Plaintiff's motions for temporary and permanent injunctions are properly denied at this time.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that:

1. "Defendants' Motion for Summary Judgment" (Doc. No. 17) be GRANTED and this case be dismissed in its entirety;

2. Plaintiff's "Motion for a Preliminary Injunction" (Doc. No. 5) be DENIED; and

3. "Plaintiff's Motion for a Temporary Injunction" (Doc. No. 31) be DENIED.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

9

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 18th day of August, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge