IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-02408-REB-KMT

PHILIP MICHAEL BONAN,

    Plaintiff,

v.

BRIGHAM SLOAN, Warden, and
DAVID HESTAND, Chaplain,

    Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the **Recommendation of United States Magistrate Judge** [#37], filed August 18, 2008. The recommendation addresses three motions: 1) plaintiff's **Motion for a Preliminary Injunction** [#5], filed November 16, 2007; 2) **Defendants' Motion for Summary Judgment** [#17], filed December 11, 2007; and 3) **Plaintiff's Motion for a Temporary Injunction** [#31], filed May 6, 2008.

The magistrate judge recommends that this case be dismissed without prejudice because the plaintiff has failed to exhaust his administrative remedies. In response to the recommendation, the plaintiff, Philip Bonan, filed **Plaintiff's Motion for a Continuance** [#38], filed September 2, 2008. In this motion, Bonan argues that this case should not be dismissed without prejudice. Rather, he argues that he should be granted a continuance of 120 days to permit him to exhaust his administrative remedies. I read Bonan's request for a continuance as including his objections to the magistrate

judge's recommendation.

Shortly after the plaintiff filed **Plaintiff's Motion for a Continuance** [#38], filed September 2, 2008, I referred [#39] that motion to the magistrate judge. Because the plaintiff's motion for a continuance states his objections to the magistrate judge's recommendation, I conclude that it is more efficient to resolve this motion concurrently with my ruling on the magistrate judge's recommendation. Having the consent of the magistrate judge, I withdraw my reference of **Plaintiff's Motion for a Continuance** [#38], filed September 2, 2008.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, response to objections, and applicable case law. In addition, because the plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, ___ U.S.___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

In their motion for summary judgment, the defendants have demonstrated that Bonan has not exhausted his available administrative remedies concerning the claims he asserts in this case. As the magistrate judge notes, under 42 U.S.C. § 1997e(a), part of the Prison Litigation Reform Act (PLRA), the plaintiff is required to exhaust available administrative remedies before filing a lawsuit concerning prison conditions. **Booth v. Churner**, 532 U.S. 731, 741 (2001). Section 1997e(a) provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Bonan asserts in his motion for a continuance [#38] that he was not aware of the exhaustion requirement and that, once he learned of the requirement, he began the process of exhausting his administrative remedies. He argues that, under these circumstances, it is not proper to dismiss this case without prejudice based on his failure to exhaust administrative remedies. Rather, he asserts that this case should be continued for 120 days so he can exhaust his administrative remedies. I disagree.

The United States Supreme Court recently has noted the two primary purposes of the exhaustion requirement.

> First, exhaustion protects administrative agency authority. Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures.
>
> Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. In some cases, claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court. And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration.

***Woodford v. Ngo***, 548 U.S. 81, 88 - 89 (2006) (internal quotations and citations omitted).

If Bonan were permitted to pursue exhaustion and litigation simultaneously without adverse consequence, and that is precisely what he seeks in this case, then the defendants are deprived of the opportunity to corrects their mistakes, if there are any,

3

before being haled into court. In addition, the goal of efficiency is defeated because both Bonan and the defendants are required to address both the administrative proceedings and the litigation simultaneously. Exhaustion of administrative remedies must precede the initiation of a civil suit concerning prison conditions under 42 U.S.C. § 1983.

The recommendation of the magistrate judge is detailed and well-reasoned. Bonan's objections are imponderous and without merit. Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted. I overrule Bonan's objections, adopt the recommendation, and dismiss the complaint without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate** Judge [#37], filed August 18, 2008, is **APPROVED AND ADOPTED** as an order of this court;

2. That the plaintiff's **Motion for a Preliminary Injunction** [#5], filed November 16, 2007, is **DENIED**;

3. That the **Defendants' Motion for Summary Judgment** [#17], filed December 11, 2007, is **GRANTED**;

4. That the **Plaintiff's Motion for a Temporary Injunction** [#31], filed May 6, 2008, is **DENIED**;

5. That with the consent of the magistrate judge, I **WITHDRAW** my reference [#39] of **Plaintiff's Motion for a Continuance** [#38], filed September 2, 2008;

4

6. That the **Plaintiff's Motion for a Continuance** [#38], filed September 2, 2008, read as a motion and as objections to the magistrate judge's recommendation, is **OVERRULED AND DENIED**;

7. That under Fed.R.Civ.P. 56, the plaintiff's claims against defendants Brigham Sloan, Warden, and David Hestand, Chaplain are **DISMISSED WITHOUT PREJUDICE**;

8. That judgment **SHALL ENTER** for the defendants, Brigham Sloan, Warden, and David Hestand, Chaplain, and against the plaintiff, Philip Michael Bonan; and

9. That the defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated September 11, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**